IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VEHICLE OPERATION TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No 13-538-SLR<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>) |

**BMW OF NORTH AMERICA, LLC'S ANSWER TO PLAINTIFF
VEHICLE OPERATION TECHNOLOGIES, LLC'S
<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendant BMW of North America, LLC ("BMW") hereby submits an answer to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff, Vehicle Operation Technologies, LLC ("VOT"), on April 5, 2013, the due date for this answer having been extended to June 3, 2013 by the Stipulation to Extend Time agreed upon by BMW and VOT, and ordered by the Court.

**BACKGROUND**

1. **Yu Hei Sunny Wai is the inventor of United States Patent No. 7,145,442 (the "Wai Patent"). Mr. Wai is an accomplished electronics and computer engineer with more than 30 years of experience, including design, manufacturing and test engineering and management. His expertise spans a large swath of electronics and computer technologies, including consumer electronics, audio and video signal processing, power amplifiers, x-ray inspection systems, microwave communications, industrial robotics, and networking. Among other technical accomplishments, Mr. Wai, while working for Caspian Networks, developed the manufacturing and test standards for Caspian's "carrier class" networking equipment - extremely reliable electronics that typically exceed 99.999% availability.**

<u>ANSWER:</u> BMW admits that the face of U.S. Patent No. 7,145,442 (the "'442 patent") identifies Yu Hei Sunny Wai as the inventor.  BMW is without knowledge or information

1

sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, therefore, denies each of the allegations.

2.   Mr. Wai purchased a Honda Pilot in 2002 with Variable Torque Management 4WD (VTM-4). While driving the Pilot in the snow, Mr. Wai discovered a problem: the vehicle failed to provide the driver with important operating information, for example, when and how the vehicle varied torque output to the drive wheels. Mr. Wai investigated how the vehicle drive train operated, designed and experimented with several types of sensors, and developed a complete system, including the sensor, interface, computational software, and display. His initial prototype system also measure and displayed 12 volt power consumption. The end result was a fully operational system that could measure and display torque distribution to the drive wheels, which Mr. Wai installed in his vehicle. Mr Wai formed VMD, Inc., and filed an application for a patent on his invention on October 14, 2003, and the U.S. Patent and Trademark Office issued him U.S. Patent No. 7,145,422 on December 5, 2006.

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, therefore, denies each of the allegations.

## PARTIES

3.   Plaintiff Vehicle Operation Technologies, LLC ("VOT") is a Delaware limited liability company.

**ANSWER:** BMW is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and, therefore, denies each of the allegations.

4.   On information and belief, Defendant BMW of North America, LLC ("Defendant") is a Delaware corporation with its principal office at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

**ANSWER:** BMW denies that it is a Delaware corporation, but admits that it is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Rd., Woodcliff Lake, NJ 07677. BMW further admits that The Corporation Trust Company,

Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 serves as an agent for service of process.

## JURISDICTION AND VENUE

5. **This action arises under the patent laws of the United States, 35 U.S.C. § 1, et seq., including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).**

**ANSWER:** BMW admits that VOT has filed an action for alleged patent infringement but specifically denies any alleged infringement. The allegation of jurisdiction in Paragraph 5 of the Complaint constitutes a legal conclusion that requires no response.

6. **This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm VOT in District, by, among other things, using, selling, offering for sale, and importing infringing products and services in this District.**

**ANSWER:** BMW admits that it has transacted business in this district by distributing automobiles to dealers. BMW denies the remaining allegations of Paragraph 6, and specifically denies it has committed acts of patent infringement in this, or any other, judicial district.

7. **Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, has committed and continues to commit acts of patent infringement in this District. On information and belief, for example, Defendant has used, sold, offered for sale, and imported infringing products in this District.**

**ANSWER:** For the purposes of this action only, BMW admits venue is minimally proper in this district, but denies that this district is the most convenient for adjudication of the claims alleged by VOT in this action. BMW denies the remaining allegations of Paragraph 7, and specifically denies it has committed acts of patent infringement in this, or any other, judicial district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,145,442

8. **VOT is the owner by assignment of the Wai Patent, entitled "Vehicle Operation Display System." A true and correct copy of the Wai Patent is attached as Exhibit A.**

**ANSWER:** BMW admits that the '442 patent is entitled "Vehicle Operation Display System," according to the face of the '442 patent. BMW also admits that what appears to be a copy of the '442 patent is attached as Exhibit A to the Complaint. BMW denies the remaining allegations of Paragraph 8, and specifically denies it has committed acts of patent infringement in this, or any other, judicial district.

9. **Defendant has been and now is directly infringing the Wai Patent, literally and under the doctrine of equivalents, in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling torque and component power consumption sensor and display system products and services that include, among other things, at least one signal source producing sensory data, a processing device operably coupled to said signal source to transform said sensory data into a display signal, a display device to receive and display the display signal as a viewable image, the image comprised of information regarding at least one operating parameter, said at least one operating parameter comprised of torque and/or braking forces delivered at the wheels of a motor vehicle, and whereby the generated image is observable by the operator of said motor vehicle. The infringing products and services include, for example, Defendant's X5 M & X6 vehicles and other Defendant's vehicles equipped with BMW's Dynamic Performance Control system.**

**ANSWER:** BMW specifically denies any act of infringement in this, or any other, district. BMW denies that it has been or is now infringing literally and/or under the doctrine of equivalents any claims of the '442 patent. BMW denies the remaining allegations of Paragraph 9, and specifically denies it has committed acts of patent infringement in this, or any other, judicial district.

10. **By engaging in the conduct described herein, Defendant has injured VOT and is thus liable for infringement of the Wai Patent pursuant to 35 U.S.C. § 271(a).**

4

**ANSWER:** BMW denies the allegations of Paragraph 10, and specifically denies it has committed acts of patent infringement in this, or any other, judicial district.

11. **Defendant has committed these acts of infringement without license or authorization.**

**ANSWER:** BMW denies the allegations of Paragraph 11, and specifically denies it has committed acts of patent infringement in this, or any other, judicial district.

12. **As a result of Defendant's infringement of the Wai Patent, VOT has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and VOT will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.**

**ANSWER:** BMW denies the allegations of Paragraph 12, and specifically denies it has committed acts of patent infringement in this, or any other, judicial district.

13. **VOT has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the Wai Patent.**

**ANSWER:** BMW denies the allegations of Paragraph 13, and specifically denies it has committed acts of patent infringement in this, or any other, judicial district.

### BMW'S RESPONSE TO VOT'S PRAYER FOR RELIEF

BMW denies any act of infringement regarding the '442 patent. BMW specifically denies any allegations by VOT of direct, contributory, or induced infringement, either literally or under the doctrine of equivalents, or of willful infringement of one or more claims of the '442 patent in the prayer for relief against BMW. BMW denies that VOT is entitled to any form of relief at all and denies that VOT is entitled to the relief sought in the prayer for relief.

Accordingly, the prayer by VOT should thus be denied in its entirety with prejudice, and VOT should take nothing.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following must necessarily be pled as an affirmative defense, or that any of the following is not already at issue by virtue of the forgoing denials, and without prejudice to BMW's rights to plead additional defenses as discovery into the facts of the matter warrant, BMW asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Based on BMW's current understanding of the allegations regarding the asserted patent, BMW has not and does not infringe (directly or indirectly, either literally or under the doctrine of equivalents) any claim of the '442 patent.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the asserted patent are invalid at least due to anticipation by or obviousness over the prior art. To the extent the claimed products and/or systems are allegedly practiced by BMW, those claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Laches, Waiver, Acquiescence, Estoppel, and/or Statute of Limitations)

Remedies requested by VOT under the asserted patent are barred by laches, including patent prosecution laches, waiver, acquiescence, estoppel, and/or 35 U.S.C. § 286.

## FOURTH AFFIRMATIVE DEFENSE
### (Claim Construction Estoppel)

VOT is estopped from construing the claims of the asserted patent to cover any BMW product because representations, omissions, and/or concessions made during prosecution of the asserted patent limits the scope of the claims.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Prosecution history estoppel bars VOT from asserting infringement under the doctrine of equivalents of claims of the asserted patent and from adopting claim construction positions contrary to statements and amendments made during prosecution of the asserted patent.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

VOT's claim is barred due to lack of standing and/or lack of ownership to the extent VOT's allegations extend beyond rights owned by VOT.

## SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

VOT is not entitled to injunctive relief because any alleged injury to VOT is not immediate or irreparable, and VOT has an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant BMW, having completely and fully provided its Answer to the Complaint, prays for a final judgment against VOT, respectfully requesting the following relief:

A. A judgment that the Complaint be dismissed with prejudice;

B. A judgment that BMW does not and has not infringed, either literally or under the doctrine of equivalents, the claims of the asserted patent;

C. A judgment that the claims of the asserted patent are invalid;

D. A judgment under 35 U.S.C. § 285 awarding BMW its costs and reasonable attorney's fees expended in defending and maintaining this action; and

E. A judgment awarding BMW such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br>Lionel M. Lavenue<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>Two Freedom Square<br>11955 Freedom Dr.<br>Reston, VA 20190<br>(571) 203-2700<br><br>R. Benjamin Cassady<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>901 New York Ave., NW<br>Washington, D.C.<br>(202) 408-4000 | */s/ David M. Fry*<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>David M. Fry (No. 5486)<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>dfry@shawkeller.com<br>*Attorneys for Defendant*<br>*BMW of North America, LLC* |

Dated June 3, 2013