**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VEHICLE OPERATION TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO. INC., <br><br> Defendant. | C.A. No. 13-537-SLR |
| VEHICLE OPERATION TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> BMW OF NORTH AMERICA LLC, <br><br> Defendant. | C.A. No. 13-538-SLR |
| VEHICLE OPERATION TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | C.A. No. 13-539-SLR |
| VEHICLE OPERATION TECHNOLOGIES LLC, <br><br> Plaintiff, <br> v. <br><br> GENERAL MOTORS COMPANY, <br><br> Defendant. | C.A. No. 13-540-SLR |

| | |
|---|---|
| VEHICLE OPERATION TECHNOLOGIES LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>NISSAN NORTH AMERICA INC.,<br><br>      Defendant. | C.A. No. 13-541-SLR |
| VEHICLE OPERATION TECHNOLOGIES LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>PORSCHE CARS NORTH AMERICA INC.,<br><br>      Defendant. | C.A. No. 13-542-SLR |
| VEHICLE OPERATION TECHNOLOGIES LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>MITSUBISHI MOTORS NORTH AMERICA INC.,<br><br>      Defendant. | C.A. No. 13-712-SLR |

## RULE 16 SCHEDULING ORDER

      At Wilmington this ___ day of August 2013, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

      IT IS ORDERED that:

1.   **Pre-Discovery Disclosures**. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1 by **August 26, 2013**.

2. **Discovery**.

(a) The issue of damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise. The discovery limits and dates set forth herein shall apply only to the liability phase.

(b) Discovery will be needed on the following subjects: during the liability phase of the case, discovery will be needed on issues concerning patent infringement / noninfringement; patent validity / invalidity; claim construction; as well as any other affirmative defenses and counterclaims asserted in the answers to the Complaint; and, during the damages phase of the case, if necessary, discovery will be needed on issues concerning damages and other remedies, as well as any other defenses raised in the answers to the Complaint.

(c) All fact discovery shall be commenced in time to be completed by **September 7, 2014**.

   (i) Maximum of 20 common interrogatories by each side. Maximum of 15 individual interrogatories by each party to any other party.

   (ii) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

   (iii) In each case, an unlimited number of requests for admission as to authenticity of documents are permitted. Maximum of 50 common requests for admission by each side. Maximum of 50 individual requests for admission by each party to any other party.

   (iv) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **June 9, 2014**. In the absence of agreement among the parties or by order of the court, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")" shall govern.

   (v) Plaintiff shall have a maximum of 50 hours for fact depositions per defendant, of which no more than 21 hours may be allocated for 30(b)(6) witnesses. Defendants shall have a maximum of 50 hours for fact depositions. The inventor deposition will be coordinated between the parties and limited to a total of 14 hours. To the extent necessary, a further deposition of the inventor will be coordinated between the parties and limited to a total of 7 hours on the topic of the prosecution of the patent. Other third party and expert depositions do not count against these limits. Unless otherwise agreed to by the parties, each fact deposition is

                limited to a maximum of 7 hours. These provisions may be amended by agreement of the parties or upon order of the Court upon good cause shown.]

    (vi)    In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (vii)    The parties consent to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party by email shall be made on both local and national counsel of that party. The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

(d)    Expert discovery shall be commenced in time to be completed by **March 6, 2015**.

    (i)    Expert reports on issues for which the parties have the burden of proof due **December 5, 2014**. Rebuttal expert reports due **January 19, 2015**. Supplement reports (e.g., on secondary considerations of obviousness) due **February 9, 2015**.

    (ii)    Plaintiff shall have a maximum of 7 hours for expert deposition for each expert report tendered. For example, if defendants submit 1 expert report opining on invalidity and 7 expert reports opining on noninfringement, plaintiff would be entitled to 8 expert depositions, each up to a 7 hours maximum. For each expert report tendered by plaintiff that opines on validity of the asserted patent(s), defendants shall have a maximum of 7 common hours plus 1 hour per defendant for expert deposition. For each expert report tendered by plaintiff that opines on infringement by a specific defendant / accused product, each identified defendant shall have a maximum of 7 hours for expert deposition. For other expert reports tendered by plaintiff (other than validity and infringement as set forth above), defendants shall have a maximum of 7 common hours plus 1 hour per defendant for reports that opine on issues common to multiple defendants and shall have 7 hours for expert deposition for reports that opine on issues unique to an individual defendant. These provisions may be amended by agreement of the parties or upon order of the Court upon good cause shown.

    (iii)    All Daubert motions shall be filed on or before **March 20, 2015**.

(e) Initial Discovery

    (i) On or before **September 6, 2013**, Plaintiff shall specifically identify the accused product(s) and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

    (ii) On or before **November 5, 2013**, the Defendants shall produce to the Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

    (iii) On or before **January 10, 2014**, the Plaintiff shall produce to each Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

    (iv) On or before **March 11, 2014**, each Defendant shall provide to the Plaintiff their initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents.

(f) Supplementations under Rule 26(e) due **July 7, 2015**.

(g) **Discovery Disputes**.

    (i) The court shall conduct an in-person discovery status conference on **June 10, 2014** at **4:30 p.m.**, the time to be allotted equally among the parties. **No motions to compel or for protective order shall be filed absent prior approval of the court**.

    (ii) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

(h) **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before **November 4, 2013**.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[1] for the purposes of exploring ADR.  Counsel are advised that, notwithstanding the fact that the issue of damages has been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages, in aid of settlement.

5. **Claim Construction Issue Identification**.  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction on **July 21, 2014** and their proposed claim construction of those terms on **August 18, 2014**.  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6. **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **September 4, 2014**, with the claim chart separately docketed.  Plaintiff shall serve and file its opening brief on claim construction on or before **October 6, 2014**.  Defendant shall serve and file its answering claim construction brief on or before **November 3, 2014**.  Plaintiff shall serve and file its reply brief on or before **November 24 2014**.  Defendant shall serve and file its surreply brief on or before **December 15, 2014**.

7. **Summary Judgment Motions (only in cases where a jury demand has been made)**

    (a) All summary judgment motions shall be served and filed on or before **April 20, 2015**. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

    (b) Opening briefs on infringement and invalidity shall be served and filed on or before **April 20, 2015**.

    (c) Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before **May 11, 2015**.

    (d) Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per 7.1.2.

    (e) Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

---

[1] The court may also refer ADR to a Special Master.

      (f)      The hearing on the claim construction and motion(s) for summary judgment will be heard on **July 31, 2015** at **9:30 a.m.**

8. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

      (a)      Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

      (b)      No telephone calls shall be made to chambers.

      (c)      Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine**. **No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference**. A pretrial conference will be held on **September 16, 2015** at **4:30 p.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**. The first matter is scheduled for a 5 day jury trial commencing on **October 5, 2015** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware with subsequent 5 day jury trials for each of the remaining matters scheduled at the Court's convenience. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

 

                                                                         _____
                                                                     United States District Judge